## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:02CR356** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **DANTE FRAZIER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the following motions filed by the Defendant, Dante Frazier: the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 190); Motion to Proceed in Forma Pauperis (Filing No. 191). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Frazier was found guilty after a jury trial of knowingly or intentionally possessing pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine.  Frazier's conviction and sentence were affirmed on direct appeal, and his petition for certiorari was denied.  The Eighth Circuit concluded: Frazier did not show sufficient evidence of racial discrimination and therefore his motion to suppress was properly denied; introduction of post-arrest, pre-*Miranda* silence in the government's

case-in-chief did not violate Frazier's Fifth Amendment right against self-incrimination; the evidence was sufficient to support Frazier's conviction; § 2D1.11 applied in determining Frazier's offense level; and Frazier failed to show that his sentence might have been different under an advisory guideline scheme, and therefore remand was not proper pursuant to *Blakely v. Washington,* 543 U.S. 220 (2005).

In his § 2255 motion, Frazier raises, without discussion, several issues in the first claim that recite the following issues previously raised in the district court and the Eighth Circuit: his Fifth Amendment right against self-incrimination was violate; his Fifth Amendment Equal Protection right was violated when he suffered racial discrimination in conjunction with his stop and arrest; and the evidence was insufficient to support his conviction. Frazier's second claim is that the plain error standard of review was incorrectly applied by the Eighth Circuit Court of Appeals, and he reasserted his argument previously made in support of his motion to suppress. His third claim is that the district court erred in denying his motion for acquittal. Finally, his fourth claim is that the district court incorrectly applied U.S.S.G. § 2D1.11.

In his § 2255 motion, Frazier reargues issues already decided by the Eighth Circuit on direct appeal. Claims decided on direct appeal cannot be relitigated in § 2255 motion. *United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005), *cert. denied,* 126 S. Ct. 1083 (2006); *Bear Stops v. United States,* 339 F.3d 777, 780 (8th Cir. 2003). For this reason, Frazier's motion will be denied.

### CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 190);

2.      Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 190) is summarily denied;

3.      The Defendant's motion for leave to proceed in forma pauperis (Filing No. 191) is denied;

4.      A separate Judgment will be issued denying the § 2255 motion; and

5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 1st day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge